JOSEPH HODINA, Respondent, *v*. HANS BORDEWICK, Appellant.

Third Department, January 9, 1952.

*Abram Miner* for appellant.

*William E. J. Connor* and *Harold Lieberman* for respondent.

*Per Curiam.* Plaintiff has had judgment on his action for goods sold and delivered. The principal question on the appeal is whether that part of the verdict based on the sale and delivery of a wire baler to defendant can be sustained.

Plaintiff testified that defendant agreed to buy from him a wire baler which plaintiff then had on order and that defendant further agreed thereafter to furnish the use of the baler he was buying to cut standing hay on plaintiff's farm on shares. Plaintiff further said that defendant took possession of the baler in June, 1948; kept and used it until September and partially performed the agreement to cut hay.

Defendant denied a sale. He said the agreement between the parties was to use the plaintiff's baler to cut plaintiff's hay on a share basis, and that when this was done the baler was returned to plaintiff's farm and left there.

All of this seems to us to have presented a clear issue whether or not there was an agreement of purchase and sale, and that issue, and the contentions of the parties about it, were distinctly submitted to the jury in adequate instructions by the Judge.

The answer pleaded the Statute of Frauds and the specific factual problems that would arise under this defense were not submitted to the jury in the judge's charge. There was no exception to the charge or request for amplification in this respect. Defendant moved to strike out the proof in respect of the wire baler on the ground that the purported sale came within the Statute of Frauds and because he felt plaintiff had " failed to sustain the burden of proof of delivery or acceptance of delivery ". But there was proof in the record, if the jury accepted plaintiff's version, from which it could have been found that there was delivery and acceptance of delivery.

If that was an open question on the record, and we think it was, the testimony in relation to the baler agreement should not have been stricken out, but it became a factual issue in the case whether the agreement was partially executed and thus enforcible even though not in writing.

There was presented to the jury in general terms the question whether there was an agreement of sale and a delivery. The Judge in his charge outlined the theory of events upon which plaintiff argued there was a contract of purchase and sale and the theory of events upon which defendant argued there was no contract. If the factual pattern contended for by plaintiff was true there was no need as a matter of law for a writing to make the contract enforcible.

To say that the attention of the jury should have been more specifically directed to the question of delivery and acceptance as proof of the agreement adds nothing to the appeal because appellant did not take the means that were open to him to have this done, or to have urged, as he also urges now, that another measure of damages than the one submitted would have been more appropriate.

The judgment should be affirmed, with costs.

FOSTER, P. J., HEFFERNAN, BREWSTER, BERGAN and COON, JJ., concur.

Judgment affirmed, with costs.